**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Everardo ROSENBAUM–ALANIS,
Defendant–Appellant.**

No. 05–41400.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff-Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Sarah Beth Landau, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Everardo Rosenbaum–Alanis (Rosenbaum) pleaded guilty and was convicted of illegal reentry after deportation. He was sentenced to 18 months of imprisonment and three years of supervised release.

Rosenbaum contends that the district court erred by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2. Relief on this issue is precluded. *See United States v. Rivera*, 265 F.3d 310, 312–13 (5th Cir.2001); *United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94 (5th Cir.1997). Rosenbaum argues that

this circuit's precedent is inconsistent with *Jerome v. United States*, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). Having preceded *Hinojosa–Lopez*, *Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short*, 181 F.3d 620, 624 (5th Cir.1999).

Rosenbaum also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Rosenbaum's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rosenbaum contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rosenbaum properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.